

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

# Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**January 23, 2026 12:22**

By: JOSEPH T. JOSEPH 0070443

Confirmation Nbr. 3738440

LIZZ SMITH

    vs.

SCHINDLER ELEVATOR CORPORATION, ET AL.

CV 26 131757

**Judge:**  PETER J. CORRIGAN

**Pages Filed:** 6

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

| | |
|---|---|
| LIZZ SMITH,<br>13300 Grannis Road<br>Garfield Heights, Ohio 44125<br><br>Plaintiff,<br><br>v.<br><br>SCHINDLER ELEVATOR CORPORATION<br>c/o its Statutory Agent, CT CORPORATION<br>SYSTEM<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219<br><br>and<br><br>PNC FINANCIAL SERVICES GROUP, INC.<br>1900 East Ninth Street<br>Cleveland, Ohio 44114<br>*Additional Service to:*<br>PNC FINANCIAL SERVICES GROUP, INC.<br>c/o its Statutory Agent, CORPORATION<br>SERVICE COMPANY<br>1160 Dublin Road, Suite 400<br>Columbus, Ohio 43215<br><br>and<br><br>JOHN DOES 1-10, INCLUSIVE ENTITIES<br>AND/OR PERSONS WHOSE NAMES,<br>ADDRESSES, AND IDENTITIES ARE<br>UNKNOWN TO THE PLAINTIFF<br>AT THIS TIME<br><br>Defendants. | ) CASE NO.:<br>)<br>) JUDGE:<br>)<br>)<br>) **COMPLAINT**<br>)<br>) **(Jury Demand Endorsed Herein)**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Now comes the Plaintiff, by and through counsel, and for her Complaint alleges and avers as follows:

## COUNT ONE:
## NEGLIGENCE

1.     At all times relevant herein, upon information and belief, Defendant PNC Enterprises (hereafter "PNC") is and was a corporation licensed to conduct business under the laws of the State of Ohio and is and/or was engaged in business in Cuyahoga County, Ohio.

2.     At all times relevant herein, Defendant PNC owned, possessed, operated, maintained, and/or controlled the premises located at or about 1900 East Ninth Street in the City of Cleveland, the County of Cuyahoga and the State of Ohio.

3.     At all times relevant herein, upon information and belief, John Does 1-5, inclusive, are employees and/or agents and/or entities of Defendant PNC, whose names and identities the Plaintiff does not know and despite due diligence has been unable to ascertain, may be a proximate cause of this incident which is the subject of this lawsuit.  Defendants John Does 1-5, inclusive, will in no way be prejudiced in the maintenance of their defense because of their constructive and/or actual notice of the institution of this lawsuit.  Except for the inability of the Plaintiff to discover the names and identities of Defendants John Does 1-5, inclusive, this action would be brought against them in their proper, true, and exact names and capacities, and said information will be provided by the Plaintiff when such information becomes fully known to the Plaintiff.

4.     On or about January 26, 2024, Plaintiff Lizz Smith was upon Defendant PNC's premises as a business invitee when she was caused to sustain injuries and damages as a result of an elevator equipment malfunction in the building.

5.     Defendants PNC and John Does 1-5 had a duty to keep said premises in a reasonably safe condition and/or inspect said premises for unsafe conditions to which business invitees would be exposed, and/or to warn business invitees of dangerous conditions on said premises.

2

6. At the above time and place, there was an unreasonably dangerous condition located on said business premises of which the Defendant PNC, and/or John Does 1 through 5, inclusive, acting through its employees, and/or agents created, had actual and/or constructive knowledge of and failed to remedy or warn Plaintiff Lizz Smith of its existence, to wit: a loose elevator button panel was caused to fall and strike Plaintiff's foot. Said elevator panel was located in an area where Defendants knew or should have known that an individual would access upon attempting to go to a different floor of the building. The mechanical defect created a hazardous condition which was unreasonably dangerous. The mechanical defect was not reasonably detectable to a person using ordinary care and created an unreasonable risk of bodily injury to invitees traversing that area of Defendants' premises.

7. As a direct and proximate result of the negligence of Defendants, Plaintiff Lizz Smith was severely and permanently injured; suffered great pain of body and of mind and will continue to suffer great pain of body and of mind into the indefinite future; suffered mental anguish; and incurred hospital and medical expenses in the past and will incur additional hospital and medical expenses into the indefinite future.

## COUNT TWO:
## MEDICAL PAYMENT BENEFITS

8. Plaintiffs hereby reallege and reaver each and every allegation contained in the foregoing paragraphs as if fully rewritten herein.

9. Upon information and belief, Plaintiff Lizz Smith is entitled to the benefits of certain medical payments coverage available under the terms of the liability insurance carried by Defendant PNC. The entitlement to medical payments benefits does not necessitate proof of negligence or liability on the part of Defendant PNC. A copy of said policy is within the possession of the Defendants and their insurer.

3

## COUNT THREE:
## NEGLIGENCE

10. Plaintiff hereby realleges and reavers each and every allegation contained in the foregoing paragraphs as if fully rewritten herein.

11. At all times relevant herein, upon information and belief, Defendant Schindler Elevator Corporation (hereafter "Schindler") is and was a corporation licensed to conduct business under the laws of the State of Ohio and is and/or was engaged in business in Cuyahoga County, Ohio.

12. At all times relevant herein, Defendant Schindler owned, possessed, operated, maintained, and/or controlled all elevators and related mechanisms and premises located at or about 1900 East Ninth Street in the City of Cleveland, the County of Cuyahoga and the State of Ohio.

13. At all times relevant herein, upon information and belief, John Does 6-10, inclusive, are employees and/or agents and/or entities of Defendant Schindler, whose names and identities the Plaintiff does not know and despite due diligence has been unable to ascertain, may be a proximate cause of this incident which is the subject of this lawsuit. Defendants John Does 6-10, inclusive, will in no way be prejudiced in the maintenance of their defense because of their constructive and/or actual notice of the institution of this lawsuit. Except for the inability of the Plaintiff to discover the names and identities of Defendants John Does 6-10, inclusive, this action would be brought against them in their proper, true, and exact names and capacities, and said information will be provided by the Plaintiff when such information becomes fully known to the Plaintiff.

4

14.    On or about January 26, 2024, Plaintiff Lizz Smith was making use of Defendant Schindler's elevators as a business invitee when she was caused to sustain injuries and damages as a result of an elevator equipment malfunction in the building.

15.    Defendants Schindler and John Does 6-10 had a duty to keep said elevators in a reasonably safe condition and/or inspect said elevators for unsafe conditions to which business invitees would be exposed, and/or to warn business invitees of dangerous conditions related to or otherwise involving the use of said elevators.

16.    At the above time and place, there was an unreasonably dangerous condition regarding said elevators of which the Defendant Schindler, and/or John Does 6 through 10, inclusive, acting through its employees, and/or agents created, had actual and/or constructive knowledge of and failed to remedy or warn Plaintiff Lizz Smith of its existence, to wit: a loose elevator button panel was caused to fall and strike Plaintiff's foot. Said elevator panel was located in an area where Defendants knew or should have known that an individual would access upon attempting to go to a different floor of the building. The mechanical defect created a hazardous condition which was unreasonably dangerous. The mechanical defect was not reasonably detectable to a person using ordinary care and created an unreasonable risk of bodily injury to invitees using Defendants' elevators.

17.    As a direct and proximate result of the negligence of Defendants, Plaintiff Lizz Smith was severely and permanently injured; suffered great pain of body and of mind and will continue to suffer great pain of body and of mind into the indefinite future; suffered mental anguish; and incurred hospital and medical expenses in the past and will incur additional hospital and medical expenses into the indefinite future.

5

## COUNT FOUR:
## MEDICAL PAYMENT BENEFITS

18.     Plaintiff hereby realleges and reavers each and every allegation contained in the foregoing paragraphs as if fully rewritten herein.

19.     Upon information and belief, Plaintiff Lizz Smith is entitled to the benefits of certain medical payments coverage available under the terms of the liability insurance carried by Defendant Schindler.  The entitlement to medical payments benefits does not necessitate proof of negligence or liability on the part of Defendant Schindler.  A copy of said policy is within the possession of the Defendants and their insurer.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages in excess of $25,000.00 (TWENTY-FIVE THOUSAND DOLLARS), prejudgment interest, plus the cost of this action, and any other additional relief as the Court deems proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS ACTION.**

Respectfully submitted,

JOSEPH LAW GROUP, LLC

Joseph T. Joseph, Jr., SC#0070443
3690 Orange Place, Suite 175
Beachwood, OH 44122
Ph: (216) 522-1600
Fx: (216) 245-6221
Email: jtj@josephlawgrp.com
Counsel for Plaintiff

6